NARR. in assumpsit. Demurrer. Case stated.
Joseph Warrington by his last will and testament, bequeathed to his wife Ann "one-third of his personal estate during widowhood, and after her death or marriage," then to his seven daughters (of whom plaintiff's wife was one,) to be equally divided among them. In pursuance of this bequest the executor of Joseph Warrington paid to Ann Warrington $278, as a third of the clear residue of the personal estate of Joseph Warrington. The widow, Ann Warrington, afterwards died, having made Coard Warrington, the defendant, her executor and residuary legatee, to whose hands assets came sufficient to pay over said legacy or bequest. This suit was instituted by Pepper and wife, one of the daughters of Joseph Warrington, and devisee over of said legacy after the life interest of Ann Warrington was spent, to recover from Mrs. Warrington's executor the one-seventh of said legacy.
Wootten, in support of the demurrer. — They cannot recover 1st Because the gift to the wife of this personal property for life was an *Page 56 
absolute gift.a 2d. It was not a sum due from Mrs. Warrington in her lifetime, and cannot be proved as a debt against her estate. *Page 57 
 Ridgely, contra. — 1st. This is a good bequest in remainder though of a chattel interest. Things which are consumed in the use go absolutely to the first taker; specific bequests may be limited over. (2 Wms. Ex'r. 858; 2 Kent Com. 352; 2 Wms. Ex'r.
859; 2 Term Rep. 376; 22 Law Lib. 132-3.) 2d. If plaintiffs were entitled to a *Page 58 
share of this property on the death of Mrs. Warrington, from whom were they entitled to recover it? It went into possession of the executor of Mrs. W., as a part of her estate, and he was bound to pay it over to the party entitled to it. The non-payment of it is a breach of his bond. *Page 59 
The executor of Joseph Warrington could not he sued, because he was hound to pay to the legatee for life, on filing the inventory. (2Wms. Ex'r. 859; 2 Kent Com. 352.)
Wootten replied: — The authorities cited prove that the executor is justified in paying to the tenant for life, only under certain circumstances, on filing an inventory and statement that they are held only for life.
The case assumes that Mrs. Warrington was not hound to pay this money to the legatees over during her life, and her executor or estate are not entitled to the possesison of it after her death. How then can a suit lie against the executor of Mrs. Warrington for a debt not due from his testatrix, or for money not in his hands as executor?
 The Court gave judgment for plaintiff.
a The State use of Betsy Savin vs. William Savin. — Debt on an administration bond. Narr. Pleas, c. Referred to John M. Clayton, Samuel M. Harrington, and Joseph P. Comegys, Esqs.; on these facts agreed to, viz: — John B. Savin by will, gave to his wife, Betsy Savin, "a third part of all his personal estate during her natural life." He also willed that she should "have and enjoy, during her natural life, one third of all his real estate; and at her death, that the aforesaid one third part of his real estate, should be given to his four youngest children, their heirs and assigns forever." He bequeathed "the remaining two thirds of his personal estate, to be equally divided between his four oldest children." He bequeathed" the remaining two-thirds of all his real estate, to his four youngest children, their heirs and assigns forever, to be equally divided among them." The clear personal estate of said Savin, amounted to $6,087 40.
It was agreed that the referees should decide, whether Mrs. Savin was entitled under the will, to one third of the personal estate for life only, or absolutely and forever; and if only for life, whether she was entitled to any part of it as intestate property after her life estate was spent, and also upon what security (if any) the defendant shall pay over the share to which she may be considered entitled.
The argument for the plaintiff was, that a bequest of personal property for life, without any limitation or disposition over, or any indication of such intention in the will, was an absolute gift of the property.
1. It was the intention of the testator to dispose of all
his property, which he has not done if this is a mere life estate in Mrs. Savin. The will shows this. "The remaining two thirds of my personal estate," as if one third had been absolutely disposed of. The law does not favor intestacy when there is a will, if the will can be so construed as to include all.
2. Before the introduction of executory devises, the law was well settled that a gift of personal property for life, whether by will or otherwise, was a gift of the whole property. The rule was without exception. It was founded in consideration of the changeable and perishable character of the property, and the inconvenience of having successive owners of it, or limiting it in perpetuity. A limitation of personal property for life, was as full a disposition of it, as a limitation to one and his heirs, was of real property. No remainder could be limited after it. All such were void. The estate for life was in contemplation of law, larger than any number of years, or other interest in chattels. And as nothing remains in the donor to be limited over, so nothing could descend to his heirs by way of reversion or intestacy. (18 Law Lib. 121, ch. 4 § 4; 2Blac. Com. 174, ch. 11; 2 Bac. Ab. 76, [Devises K]Fearne 401-2; 8 Co. Rep. 128, Manning's case.
When the doctrine of executory devises was established, the rule was so far relaxed as to allow of ulterior dispositions of personal property after a life estate, in this form, (8 Co. 188; 1Mad. Rep. 260), not on the idea that any thing remained in the donor to dispose of after an absolute gift for life, but on the notion of an executory contingent disposition of the thing at the time of giving the life estate; and unless such executory devise be in fact made by the testator, the bequest of the thing for life gives an absolute interest. So of an executory devise of real estate. By the common law a devise to A and his heirs, was an absolute disposition of the whole estate, and nothing could be limited over in remainder; but by way of executory devise, a further contingent and executory disposition of the land might be made. Yet if such disposition be not made, the first devise carries the fee. So Mr. Savin might have made a further disposition of this personal estate, after the gift for life to his wife, and such disposition would have been good by way of executory devise; but not having done so his bequest must be taken upon the settled principles of the old law, to carry the whole interest in the personalty.
The intention though much clearer than in this case, cannot be permitted to govern against settled principles of law. Most of the applications of the rule in Shelley's case show this. A bequest of personal property to A and his issue, or to A. and his issuemale, vests the property absolutely, and excludes all ulterior limitations. (Fearne 463, c.) So a bequest to A. and if he die without issue male, then over to B. or to A. for life,
and if he die without issue, then over to B.; the absolute estate vests in A. forever. (Fearne 478, c.; 18 LawLib. 122, c.; 8 Ib. 107; 3 Ves. jr. 101-2; 1Mad Rep. 256-7; 3 Meriv. Rep. 176, 183; 1 Lev. Rep.
290; Ram. on Wills 107; 1 Russ. 264; Ward Leg. 122, 123,) which cases resolve the doubt of Mr. Fearne, pp. 486-7-8, and the case of Clare vs. Clare (Ca. temp. Talbot 21) where the estate went over by force of the residuary bequest, which was in effect an executory bequest. The case of Eyres vs.Faulkland (1 Salk. 231) is also distinguishable. There the executor took the residue of the term as residuary legatee, on the common law principle, that the executor is entitled beneficially and absolutely to all the residue of personal estate undisposed of. It was a case, too, of chattels real. See also, Fearne 487-8; 1 P.Wms. 666.
3. A considerable portion of Mr. Savin's personal property consisted of articles of which the use consisted in the consumption, and as to this, undoubtedly, not even an executory devise could be made after a bequest for life. (3 Meriv. 190; Ward on Legacies,
121.)
The defendant's counsel contended — 1st. That Mrs. Savin was not entitled to the one third part of this personal estate absolutely, but only for life; and that after her death the same should be distributed as intestate property: 2d. That the bequest for life not being of specific chattels, but of one third of the whole estate, (after conversion into money) the widow was not entitled to receive the principal but only the interest during her life.
By the old law, the legatee of a chattel for life took it absolutely, and every limitation over was void; because an estate for life was considered the highest possible interest of which a chattel was capable. So that after a disposition for life, nothing remained to be given over; (Brooke tit. Devise; Co. Rep. 94;) but this doctrine is exploded, and it is now settled that though the bequest of chattels without words of limitation is an absolute gift, yet that the testator may by the use of such words, restrict such a bequest to an interest for the life of the legatee. No case can be found in which such restriction has been rejected, merely because the remainder was not disposed of by the will. The old doctrine was not that because you could not limit a remainder, therefore a bequest for life was a gift of the absolute property; but because the bequest for life was an absolute gift forever, therefore no remainder could be limited. So, the present doctrine is not that because you may now limit a remainder, therefore, you may bequeath a life estate in a chattel; but because you may now bequeath a life estate,therefore, you can limit a remainder. A bequest to A. for life, remainder to B. is now good as to both, not that the second disposition restrains the first, but the first being for life only there remains something more to be disposed of. The bequest over may serve to show the intent of the testator, but cannot effect the first express gift for life. Nothing in such case is needed to show the intent. (Ca. Temp. Talbot 21; Fearne 487, [374;] 1Salk. 231; 1 Ld. Ray. 235; 6 Cruise 267; 3 Bro.Ch. Rep. 578; Fearne 490, no. 1.)
The distinction between an executory devise and a remainder, is not practical in its application to the present case. The gift of a chattel for life, is a gift of the use only, and the property if given over at all, is given to him in remainder, subject to the use of the tenant for life; if not given over it remains so subject, in the hands of the donor, or in case of bequest, in the devisor or his next of kin, or residuary devisee. (1 P. Wms. 6.502-3; 3 Meriv. 190-3; 2 Kent Com. 352; 5 Johns. Ch. Rep. 334-6.) The only exception, is the case of such chattels the use of which consists in the consumption; such as provisions, wine, provender, c.; where the gift for life is of necessity an absolute disposition; where the thing itself is specifically bequeathed; and where its use cannot be separated from its consumption. (2 Wms. Ex'rs. 258; 18 LawLib. 121; 3 Meriv. 190; 7 Ves. jr. 89; 2 Kent Com.
353.)
Whatever an executor takes by the law of England as undisposed of, residue, goes by our act, (Dig. 258) as intestate property to the next of kin; so that if the argument is good, that there a testator means to give to his executor whatever he does not dispose, of by his will, it is equally good here as a valid disposition to the next of kin.
The argument that Mr. Savin did not intend to die intestate of any of his property, can have no force in the construction of his intention as to the wife's share of the personal property, because the intention there is express "during her natural life."
2d. This gift to the widow is residuary and not specific. It is of the one third part of his personal estate, necessarily after payment of debts, and therefore after administration and conversion into money. The personal estate being thus converted into money, she is entitled to the interest (that is the use) of it only; and not to the principal. (2 Wms. Ex'rs. 858-9; 3 Meriv. 190; 3 Ves.jr. 313; 7 Ib. 89, 137.)
The Referees reported "that the said Betsy Savin, the widow of the said John B. Savin deceased, under and by force of the will of her said late husband, is entitled to the one third part of the residue of his personal estate absolutely and forever, for the following reasons. Originally there could be no limitation over of a chattel, and a gift for life carried the absolute interest. This is still the law as to such articles of personal property of which the use consists in the consumption. But when the law came to be settled with regard toexecutory devises, it was held as a part of this peculiar and very technical branch of the law that in regard to such chattels as might be used without being consumed, a limitation after a life estate would be good by way of executory devise. In this form, and only in this form, have we been able to find any judicial sanction for a departure from the old common law principle, that a gift of a chattel for life, is an absolute gift of it. In no case has it been held that the donor, grantor or devisor of chattels for life, by will or otherwise, could retain any interest in the chattel in himself for his own benefit, or that of his personal representatives; or could dispose of such interest to another, unless in the form of an executory devise made at the time of the bequest of the life estate.
In the case before us, though we have little doubt of the intention of Mr. Savin to give his widow but a life estate, he has not effected that intention in the only mode known to the law, and we are constrained to hold it an absolute gift of the one third of his personal estate. There is no executory devise, or other limitation or disposition of this third part after the life estate should be spent, and this is the more remarkable, as there is such a limitation as to the real estate, of which he also devised a third part to his said wife for life."
 The Court rendered judgment on this report, for plaintiff.
 Frame, for plaintiff.
Bates, for defendant.